UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| SERGIO TORREZ, | |
| Plaintiff, | Case No. 1:05-cv-785 |
| v. | Honorable Robert Holmes Bell |
| KENNETH McKEE et al., | |
| Defendants. | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), "no action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because Plaintiff has failed to demonstrate exhaustion of available administrative remedies, the Court will dismiss his complaint without prejudice.

### Discussion

I.   Factual allegations

Plaintiff is presently incarcerated at Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, he sues the following IBC employees: Kenneth McKee, Warden; Tony Costello, Principal; Ann Smolinski, Program Classification Director; and Lisa English, Case Manager. Plaintiff also sues J. DeRose, the Education Director for the Michigan Department of Corrections (MDOC).

Upon transferring to IBC, Plaintiff states that Defendants incorrectly classified him to a school assignment. Plaintiff alleges that he received a high school diploma in Puerto Rico in 1952. Plaintiff also argues that prison staff at the Ojibway Correctional Facility confirmed his education with the San Juan Department of Education in Puerto Rico prior to his transfer to IBC. *See* Exs. E-G to Compl. To further verify his education, Plaintiff provided Defendants with copies of his high school diploma and transcripts, which are both written in Spanish. *See* Exs. C & D to Compl. Principal Costello, however, refused to acknowledge Plaintiff's diploma allegedly because it is difficult to receive verification from foreign countries. IBC does not have the staff to translate a foreign diploma, and Warden McKee and Education Director DeRose have an unwritten policy "not to accept any foreign diplomas as valid." Principal Costello also stated that Ojibway Correctional Facility should have required Plaintiff to attend Spanish General Education Program (GED) classes. Defendants, therefore, recommended placing Plaintiff in a Spanish GED class but he refused.

Pursuant to MDOC policy, a prisoner who has refused to accept a school assignment may be reclassified as "unemployable." *See* MICH. DEP'T OF CORR., Policy Directive 05.01.100, ¶ Y(3) (effective 1/01/01). Since he refused to attend Spanish GED classes, Plaintiff claims that he has been subject to: (1) negative parole consideration, (2) a lock-down condition of confinement, (3) forfeiture of good time and disciplinary credits, (3) ineligibility for the best job assignments, and (4) ineligibility for placement in a less restrictive environment. Plaintiff argues that Defendants discriminated against him by classifying him to a school assignment due to his race and national origin, in violation of the Equal Protection Clause of the Fourteenth Amendment.

Plaintiff alleges that, in violation of his First Amendment rights, he has been retaliated against by Case Manager English for requesting her supervisors to verify his diploma after she refused. Plaintiff argues that Case Manager English insulted and discriminated against him, and placed him on "Double-O Status." As a result, Plaintiff must remain locked in a cell every day and is being denied work detail.

Finally, Plaintiff argues that he was classified to a school assignment to further staff corruption at IBC. IBC supposedly receives extra funding for every prisoner that is enrolled in GED programs. Plaintiff claims that "IBC has a practice of refusing to verify educational achievements of colored prisoners in order to improperly force these prisoners to take unnecessary GED's and to deny these prisoners acknowledgment of their educations [sic] so as to keep then unqualified for skilled pay in their job assignments." Plaintiff alleges that the above practices by IBC demonstrate a pattern of discrimination prohibited by the Fourteenth Amendment.

For relief, Plaintiff requests declaratory and injunctive relief as well as monetary damages.

## II.     Lack of exhaustion of available administrative remedies

Plaintiff has failed sufficiently to allege and show exhaustion of available administrative remedies. Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. A district

court must enforce the exhaustion requirement *sua sponte*. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998); *accord Wyatt v. Leonard*, 193 F.3d 876, 879 (6th Cir. 1999).

A prisoner must allege and show that he has exhausted all available administrative remedies and should attach to his § 1983 complaint the administrative decision disposing of his complaint, if the decision is available.[1] *Brown*, 139 F.3d at 1104. In the absence of written documentation, the prisoner must describe with specificity the administrative proceeding and its outcome so that the Court may determine what claims, if any, have been exhausted. *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000). In addition, a prisoner must specifically mention the involved parties in the grievance to alert the prison officials to the problems so that the prison has a chance to address the claims before they reach federal court. *Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Thomas v. Woolum*, 337 F.3d 720, 735 (6th Cir. 2003); *Vandiver v. Martin*, No. 02-1338, 2002 WL 31166925, at *2 (6th Cir. Sept. 27, 2002) ("The issues [plaintiff] may raise, and the defendants he may name, in his lawsuit are limited to the specific issues raised, and the specific individuals mentioned, in his grievance.").

Plaintiff's claims are the types of claims that may be grieved through the three-step prison grievance process. *See* MICH. DEP'T OF CORR., Policy Directive 03.02.130, ¶ E (may grieve "alleged violations of policy or procedure or unsatisfactory conditions of confinement") (effective 12/19/03). Plaintiff filed Grievance Nos. IBC-05-03-1229-17i and IBC-05-05-1985-17e and appealed both of them to step III. Plaintiff, however, failed to mention Defendant McKee in any step of the grievance process in either grievance. Because Plaintiff did not specifically mention

---

[1] To assist prisoners in meeting this requirement, this Court advises prisoners to attach copies of documents evidencing exhaustion in its form complaint. The form complaint, which is required by local rule, is disseminated to all the prisons. *See* W.D. MICH. LCIVR 5.6(a). Plaintiff has chosen to forego use of the form complaint in this action.

Defendant McKee in the grievance process, he fails to exhaust his administrative remedies against him. *See Curry*, 249 F.3d at 505; *Thomas*, 337 F.3d at 735; *Vandiver*, 2002 WL 31166925, at *2. Plaintiff also failed to exhaust his retaliation claim against Defendant English through any step of the three-step prison grievance process. In order to properly exhaust MDOC grievance procedures, a prisoner must raise each of his claims for the first time at Step I. *Id.* A civil rights action containing both exhausted and unexhausted claims is subject to dismissal under the "total exhaustion" rule. *Jones Bey v. Johnson*, 407 F.3d 801 (6th Cir. 2005).

It is not clear whether Plaintiff may still grieve his claims. Under the policy of the prison, complaints must be resolved expeditiously, and complaints may be rejected as untimely. *See* Policy Directive 03.02.130, ¶ G(4). The Sixth Circuit held that an inmate cannot simply claim that "he has exhausted his remedies or that it is futile for him to do so because his grievance is now time-barred under the regulations." *Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999) (citing *Wright v. Morris*, 111 F.3d 414, 417 n.3 (6th Cir. 1997)). However, even if the MDOC considers a subsequent grievance to be untimely, a prisoner who has presented a grievance through one complete round of the prison process will nevertheless be deemed to have exhausted available administrative remedies as required by 42 U.S.C. § 1997e(a). *See Thomas*, 337 F.3d at 733.

Because the exhaustion requirement is no longer discretionary, but is mandatory, the Court does not have the discretion to provide a continuance in the absence of exhaustion. *See Wright*, 111 F.3d at 417. Rather, dismissal of this action without prejudice is appropriate when a prisoner has failed to show that he exhausted available administrative remedies. *See Freeman*, 196 F.3d at 645; *Brown*, 139 F.3d at 1104; *White v. McGinnis*, 131 F.3d 593, 595 (6th Cir. 1997). Dismissal for failing to exhaust available administrative remedies does not relieve a plaintiff from

payment of the civil action filing fee. *Smeltzer v. Hook*, 235 F. Supp. 2d 736, 746 (W.D. Mich. 2002) (citing *Omar v. Lesza*, No. 97 C 5817, 1997 WL 534361, at *1 (N.D. Ill. Aug. 26, 1997)). Accordingly, the Court will dismiss his action without prejudice.

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court will dismiss Plaintiff's action without prejudice because he has failed to show exhaustion as required by 42 U.S.C. § 1997e(a).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

A Judgment consistent with this Opinion will be entered.

Date:     December 22, 2005            /s/ Robert Holmes Bell
                                       ROBERT HOLMES BELL
                                       CHIEF UNITED STATES DISTRICT JUDGE